IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO BENTON,<br><br>        Petitioner,<br><br>  v.<br><br>ROBERT E. HOREL, Warden,<br><br>        Respondents.<br>_____ | No. C 08-0295 MMC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTIONS TO CLERK** |

On January 16, 2008, petitioner, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his indeterminate placement in the PBSP Security Housing Unit ("SHU") based on his validation as a gang member. Petitioner seeks leave to proceed in forma pauperis.

**BACKGROUND**

In 2006, when petitioner was incarcerated at California State Prison–Los Angeles County ("CSP-LAC"), petitioner was validated as a gang member and given an indeterminate term of confinement in the SHU. Petitioner challenged the validation and SHU placement by filing prison administrative grievances, all of which were denied. Thereafter, petitioner filed state habeas corpus petitions in which he similarly challenged the validation and SHU placement. All of the petitions were summarily denied.

Based on the indeterminate placement imposed at CSP-LAC, petitioner currently is incarcerated in the SHU at PBSP. He seeks declaratory and injunctive relief overturning his validation as a gang member and ordering his release from the SHU.

**DISCUSSION**

A.   <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner alleges his First and Fourteenth Amendment rights were violated when he was validated as a gang member and placed in the SHU for an indeterminate period based on a publication that was found in his cell. As noted, petitioner seeks declaratory and injunctive relief that would overturn his gang validation and compel his release from the SHU.

Petitioner's claims are not cognizable in federal habeas corpus. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In particular, where, as here, a petitioner's successful challenge to a disciplinary hearing and the administrative segregation resulting therefrom will not necessarily shorten the prisoner's sentence, habeas jurisdiction does not lie. See id. Accordingly, petitioner may not proceed with his claim by way of federal habeas corpus and the petition must be dismissed.

Where a prisoner files a habeas petition attacking the conditions of his confinement the district court may construe such petition as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). The Court will not do so here, however, unless petitioner affirmatively informs the Court that he wants this case to proceed as a civil rights action. Specifically, because § 1983 cases filed by prisoners are subject to certain statutory requirements of which petitioner should be aware before deciding to proceed with a § 1983 action, the Court will not construe the petition as a § 1983 action without petitioner's consent. In particular, § 1983 cases filed by prisoners are subject to a requirement that the claims be administratively exhausted. See 42 U.S.C. § 1997e(a). Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, see 28 U.S.C. § 1914(a), and the fee must be paid even if in forma pauperis status is granted, by way of deductions from the prisoner's trust account until the full $350.00 fee is paid. See 28 U.S.C. § 1915(b). For these reasons, and perhaps others, petitioner might not seek to have the instant action treated as a § 1983 case. The Court therefore will dismiss the case with leave to amend to allege a § 1983 action. Should petitioner fail to do so, the case will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, the above-titled action is hereby DISMISSED with leave to amend. If petitioner intends to proceed with his claims under 42 U.S.C. § 1983, petitioner shall, within **thirty (30)** days of the date this order is filed, file a § 1983 complaint using the court's form civil rights complaint. The complaint must be completed in its entirety, and must include the caption and civil case number used in this order (No. C 08-0295 MMC (PR)). If petitioner fails to file a § 1983 complaint in conformity with this order, the action will be dismissed without prejudice.

The Clerk shall send petitioner a copy of the court's form civil rights complaint, instructions for completing it, and a return envelope.

IT IS SO ORDERED.

DATED: September 26, 2008

_____
MAXINE M. CHESNEY
United States District Judge

3