United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO BENTON, | No. C 08-0295 MMC (PR) |
| Petitioner, | **ORDER OF DISMISSAL; DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| ROBERT E. HOREL, Warden, | **(Docket No. 5)** |
| Respondents. | |

    On January 16, 2008, petitioner, a California prisoner incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his indeterminate placement in the PBSP Security Housing Unit ("SHU") based on his revalidation as a gang member. On September 26, 2008, the Court determined petitioner's claims were not properly brought in habeas corpus and, instead, must be brought by way of a complaint under 42 U.S.C. § 1983. Consequently, the Court ordered petitioner to file, within thirty days, a § 1983 complaint, and informed petitioner that if he failed to do so the instant action would be dismissed without prejudice. (Order, filed Sept. 26, 2008, at 3.)

    Petitioner has not filed a § 1983 complaint. Rather, he has filed a motion for reconsideration in which he claims (1) the Court failed to consider all three of the claims he raised in his petition, (2) two of his claims are cognizable in federal habeas corpus, and (3) he should be given the opportunity to delete the one claim that is not cognizable in federal habeas corpus and proceed with his habeas petition on the two cognizable claims.

Petitioner's motion is without merit, and will be denied for the following reasons.

According to the allegations in the petition, in December 2005, when petitioner was incarcerated at California State Prison-Los Angeles County ("CSP-LAC"), he was placed in administrative segregation pending an investigation into his revalidation as a gang member. In February 2006, a revalidation hearing was held, at which prison officials relied on two pieces of confidential information: information by a confidential informant identifying petitioner as an active member of the Black Guerilla Family ("BGF"), and a publication found in petitioner's cell containing articles written by BGF members. In August 2006, petitioner was revalidated as a gang member and sentenced to a term of confinement in the SHU at PBSP, where he is unable to earn good time and work credits.

In his petition, petitioner raises three claims, all of which pertain to the validity of petitioner's revalidation as a gang member. Specifically, he claims (1) he was denied his Fourteenth Amendment right to due process by prison officials' "failure to adhere to policies and procedures during petitioner's revalidation hearing/review" (Pet. at 8); (2) he was denied his Fourteenth Amendment right to due process when prison officials relied on the two pieces of confidential information, noted above, to revalidate petitioner as a gang member (Pet. at 19); and (3) he was denied his First Amendment right to freedom of speech by prison officials' reliance on the above-referenced BGF publication to revalidate him as a gang member (Pet. at 24). For relief, he seeks to prohibit prison officials from revalidating him as a gang member without proper procedural protections, to be released from the SHU, to have any reference to his revalidation as a gang member expunged from his prison file, and to be credited with the good time and work credits he has been unable to earn while in the SHU.

In its order of dismissal with leave to amend, the Court summarized petitioner's claims as follows:

> Petitioner alleges his First and Fourteenth Amendment rights were violated when he was validated as a gang member and placed in the SHU for an indeterminate period based on a publication that was found in his cell. As noted, petitioner seeks declaratory and injunctive relief that would overturn his gang validation and compel his release from the SHU.

(Order at 2:10-13.) Further, the Court determined that petitioner's claims were not cognizable in federal habeas corpus, explaining:

> "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quotation and citation omitted). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. While the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought in habeas corpus, see Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In particular, where, as here, a petitioner's successful challenge to a disciplinary hearing and the administrative segregation resulting therefrom will not necessarily shorten the prisoner's sentence, habeas jurisdiction does not lie. See id. Accordingly, petitioner may not proceed with his claim by way of federal habeas corpus and the petition must be dismissed.

(Id. at 2:14-28.)

Consequently, the Court dismissed the petition with leave to amend to file the instant claims as a § 1983 complaint if petitioner wished to do so.[1] The Court informed petitioner that if he did not file a § 1983 complaint within thirty days, the action would be dismissed without prejudice.

As noted, petitioner now objects to the Court's ruling, claiming the Court, in its assessment of petitioner's claims, only considered his third claim, specifically, his claim that the revalidation decision was a violation of petitioner's First Amendment rights. In the order of dismissal with leave to amend, however, the Court's characterization of petitioner's claims clearly includes a reference to his claims that his Fourteenth Amendment rights were violated, and the Court in fact considered those claims when reviewing the petition. Further, there is no merit to petitioner's assertion that only his third claim must be brought in a civil rights complaint and his first and second claims may proceed by way of habeas corpus. The Court's analysis applies equally to all three of petitioner's claims. Accordingly, petitioner's

---

[1] The Court explained that while the district court may construe the petition as a civil rights action under 42 U.S.C. § 1983, absent petitioner's indication that he wished to proceed with a civil rights complaint the Court would not so construe the petition, in light of the $350.00 filing fee requirement for civil rights actions (as opposed to the $5.00 filing fee requirement for habeas corpus petitions), and the requirement that civil rights claims be administratively exhausted. (Order at 3:1-15.)

motion for reconsideration is hereby DENIED.

In reviewing petitioner's allegations for the second time, it has become clear to the Court that all of the alleged unlawful actions of which petitioner complains occurred at CSP-LAC, which is located in Los Angeles County. Los Angeles County, in turn, is located in the Central District of California. Consequently, should petitioner choose to file a civil rights complaint against the prison officials responsible for the alleged constitutional violations, the proper venue for such complaint will be in the United States District Court for the Central District of California. See 28 U.S.C. § 84(c). Accordingly, as any complaint petitioner might file would not be properly venued in the Northern District, the instant action is hereby DISMISSED without prejudice to petitioner's filing a § 1983 complaint in the Central District.

This order terminates Docket No. 5.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: January 6, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4